**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

RONNIE MARCUM, *on behalf of
the Estate of Jeffery Marcum*,

           Plaintiff,

v.                                      CIVIL ACTION NO.   2:25-cv-00267

WILLIAM K. MARSHALL, et al.,

           Defendants.

**MEMORANDUM OPINIONA ND ORDER**

The Court has reviewed *Defendants' Motion to Strike Plaintiff's Untimely Expert Witness Disclosure* (Document 60), *Plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Untimely Expert Witness Disclosure* (Document 73), Defendants' *Reply in Support of Defendants' Motion to Strike Plaintiff's Untimely Expert Witness Disclosure* (Document 77), as well as all attached exhibits.

The Defendants seek to strike the Plaintiff's expert witness disclosure. The Court's *Scheduling Order* (Document 29) established a deadline of April 13, 2026, for the party bearing the burden of proof to make Rule 26(a)(2) disclosures. The Plaintiff served his expert disclosures on May 1, 2026. The Defendants contend that the delay in the disclosure interferes with their ability to cross-examine the Plaintiff's expert prior to making their own expert disclosures (due on May 16, 2026). They further argue that the Plaintiff's late disclosure was not substantially justified. They argue that the Plaintiff has many of the records upon which his expert relies, and

that the timing of discovery disclosures was driven by the Plaintiff's own timing in serving discovery requests.

The Plaintiff asserts that there were ongoing discussions between counsel regarding mutually extending expert deadlines and modifying the Scheduling Order to permit additional time. In accordance with those discussions, the Plaintiff filed a motion to more broadly modify the Scheduling Order on April 17, 2026, which the Court denied. The parties continued discussions after the denial of the motion to modify but did not reach an agreement. However, the Plaintiff indicates that he viewed the ongoing discussions as an acknowledgement that some alteration of the expert deadlines would be warranted. The Plaintiff disclosed an expert report from nurse Alicia Jones, of more than 100 pages, on May 1, 2026. He notes that he received Jeffrey Marcum's full medical and incarceration records on March 13, 2026—records "to which Defendants have had unfettered access for more than three (3) years." (Pl.'s Resp. at 4.) He contends that the untimeliness was substantially justified and entirely harmless, and exclusion of his expert would be a drastic and unwarranted sanction. Given that trial is not scheduled until November 16, 2026, he contends that there is sufficient time to cure any prejudice.

The Court's *Scheduling Order* (Document 29) established a deadline of April 13, 2026, for the Plaintiff's expert disclosures. Pursuant to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The Fourth Circuit Court of Appeals held that "in exercising its broad discretion to determine whether a nondisclosure of

2

evidence is substantially justified or harmless for the purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir.2003).

The Court finds that the Plaintiff's delay of less than three weeks in submitting his expert report was substantially justified and harmless.  The Plaintiff indicates that his expert received full medical records only approximately one month before the deadline for disclosure of the expert report.  The Court finds that the expert's need for limited additional time to complete her report in light of that discovery constitutes good cause.[1]  The parties' ongoing communications limit any surprise, and the time before trial provides adequate opportunity to cure any surprise.  Excluding the Plaintiff's expert would be an overly harsh sanction, given the lack of prejudice.[2]

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Strike Plaintiff's Untimely Expert Witness Disclosure* (Document 60) be **DENIED**.

---

1 Of course, the proper procedure would be for Plaintiff's counsel to file a motion setting forth such good cause prior to the expiration of the deadline, which would permit the Court to consider the length of an extension that might be warranted and eliminate the risk of having an expert witness stricken.

2 The Defendants filed a certificate of service for their expert disclosures on May 12, 2026.  However, should additional time be necessitated by the Plaintiff's delayed filing, they remain free to file a motion seeking such relief.

3

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     May 26, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4